UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND, BUILDING
SERVICE 32BJ PENSION FUND, BUILDING SERVICE
32BJ LEGAL SERVICES FUND, BUILDING SERVICE
32BJ THOMAS SHORTMAN TRAINING,
SCHOLARSHIP AND SAFETY FUND, and BUILDING
SERVICE 32BJ SUPPLEMENTAL RETIREMENT AND
SAVINGS FUND,                                                    **COMPLAINT**


                                          Plaintiffs,

          -against-


FIFTH AVENUE BUILDING COMPANY LLC,
622 THIRD AVENUE COMPANY, LLC,
475 BUILDING COMPANY, L.L.C. a/k/a
475 BUILDING COMPANY, L.P.,
INTERNATIONAL PLAZA ASSOCIATES, L.P.,
THREE PARK AVENUE BUILDING CO., L.P.,
D & D BUILDING COMPANY LLC,
135 EAST 57TH STREET LLC,
805 THIRD NEW YORK LLC, and
COHEN BROTHERS REALTY CORPORATION,
a/k/a COHEN BROTHERS REALTY CORP.,

                                          Defendants,

-----------------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Pension

Fund ("Pension Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund"), Building

Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), and

building Service 32BJ Supplemental Retirement and Savings Fund ("Retirement Fund"), herein

collectively referred to as the "Funds," by their attorneys Raab, Sturm & Ganchrow, LLP, as and

for their Complaint against FIFTH AVENUE BUILDING COMPANY LLC, 622 THIRD

AVENUE COMPANY, LLC, 475 BUILDING COMPANY, L.L.C. a/k/a 475 BUILDING

COMPANY, L.P., INTERNATIONAL PLAZA ASSOCIATES, L.P., THREE PARK AVENUE BUILDING CO., L.P., D & D BUILDING COMPANY LLC, 135 EAST 57TH STREET LLC, 805 THIRD NEW YORK LLC, and COHEN BROTHERS REALTY CORPORATION a/k/a COHEN BROTHERS REALTY CORP. (collectively referred to herein as "Defendants"), respectfully allege as follows:

## NATURE OF ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension fund, an employee pre-paid legal services benefit fund, an employee training, scholarship and safety benefit fund and an employee supplemental savings fund for statutory, injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds.  This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendants violated the collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

    (1)      Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (2)      Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (3)      28 U.S.C. Section 1331 (federal question); and

(4)    28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.    Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)).  Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4.    The Funds are jointly administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).  The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)).  The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health and insurance benefits, pension, pre-paid legal services and training, scholarship and safety and annuity benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

5.    The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29

U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

6.     A.     Upon information and belief, at all times material hereto each of the Defendants were and each continues to be a for-profit limited liability company, limited partnership or corporation,  registered to do business within the State of New York, each doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and each was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).  Further, upon information and belief, each of the Defendants, except for defendant Cohen Brothers Realty Corporation a/k/a Cohen Brothers Realty Corp. ("Cohen Brothers") is party to a collective bargaining agreement (hereinafter the "Agreements") with the Union wherein, *inter alia*, each of the Defendants became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for each of Defendants' employees within the units set forth in the Agreements with Union.

B.     Each of the Defendants, except for Cohen Brothers, is the owner of a commercial office building located in New York City.  Each of these Defendants, along with Cohen Brothers, operate as interrelated companies, with interrelated operations, including but not limited to, the operation and maintenance of the physical properties of the commercial office buildings they own.

C.     Each of the Defendants, along with Cohen Brothers, have common management, and upon information and belief, Cohen Brothers acts as the manager or managing agent of each of the remaining Defendants.

D.     Upon information and belief, labor relations matters are centralized for each of the building owner Defendants, with the centralization being with Cohen Brothers, which entity actually conducts all labor relation matters on behalf of each of the remaining Defendants.

E.      Upon information and belief, all of the Defendants share the same office space, using the same personnel in overseeing the operations of the commercial office buildings.

F.      Upon information and belief, all of the Defendants are commonly owned by members of the Cohen extended family, with financial control resting with the extended Cohen family.

G.      Based upon the above, all employees of the trades or businesses of each of the Defendants are deemed under common control and are treated as employed by a single employer.

7.      Upon information and belief, the locations where each of the building owner Defendants employs bargaining unit members is as follows:

| | |
|---|---|
| FIFTH AVENUE BUILDING COMPANY LLC | 623 Fifth Avenue |
| 622 THIRD AVENUE COMPANY, LLC | 622 Third Avenue |
| 475 BUILDING COMPANY, L.L.C. a/k/a 475 BUILDING COMPANY, L.P. | 475 Park Avenue South |
| INTERNATIONAL PLAZA ASSOCIATES, L.P. | 750 Lexington Avenue |
| THREE PARK AVENUE BUILDING CO., L.P. | 3 Park Avenue |
| D & D BUILDING COMPANY LLC | 979 Third Avenue |
| 135 EAST 57TH STREET LLC | 135 East 57th Street |
| 805 THIRD NEW YORK LLC | 805 Third Avenue |

8.      Upon information and belief, Cohen Brothers, is the disclosed agent responsible for managing and operating each of the Defendant properties, including being responsible on behalf of each of the building owner Defendants for payments of the obligations owed by each Defendant to the Funds.

**<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>**
**(FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS )**

9.      The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 8 of this Complaint, as if fully set forth herein.

10.     The Defendants have a history of delinquencies in meeting their respective contractual and ERISA obligations to the Funds.

11.     In this context, an action was commenced by the Funds and docketed in the United States District Court for the Southern District of New York, Docket No. 20-CV-6302, wherein the Defendants[1] were alleged to have been delinquent in their contributions to the Funds.

12.     Two Notices of Intent to Arbitrate were issued against the Defendants in connection with underpayments found during periodic audits through 2021.

13.     In 2023, the Funds and Defendants entered into a Settlement, which provided for installments to pay down delinquencies uncovered during the course of an audit of Defendants' books and records.  The Defendants are presently in default of said settlement.

14.     Pursuant to the Agreements, there became due and owing to Funds, from each of the Building owner Defendants, benefit contributions for the months of  May, June and July 2024. Payment for these contributions were due June 20, July 20 and August 20, 2024.

15.     Each of the building owner Defendants has fallen delinquent in their contributions owed to the Funds and since June 2024, none of these contributions contractually due to the Funds have been paid by any of the Defendants, although all contributions have been duly demanded and the Funds have been damaged in the amount of  $598,819.94, broken down as follows:

| | |
|---|---|
| FIFTH AVENUE BUILDING COMPANY LLC | $  30,598.67 |
| 622 THIRD AVENUE COMPANY, LLC | $ 150,706.72 |
| 475 BUILDING COMPANY, L.L.C. a/k/a 475 BUILDING COMPANY, L.P. | $  70,164.37 |
| INTERNATIONAL PLAZA ASSOCIATES, L.P. | $  57,678.62 |
| THREE PARK AVENUE BUILDING CO., L.P. | $  70.971.12 |
| D & D BUILDING COMPANY LLC | $  91,524.76 |
| 135 EAST 57TH STREET LLC | $  39,878.28 |
| 805 THIRD NEW YORK LLC | $  87,297.28 |

---

[1] In the earlier litigation an additional location was included, 3 East 54th Street.  It is the Funds' understanding that this location was sold and is no longer part of the Cohen Brothers operations.

16. The failures, refusals or neglects of each of the Defendants to make the required contributions to the Funds constitute violations of the Agreements between each of the Defendants and the Union with respect to which the Funds are third-party beneficiaries.

17. The Agreements provide in relevant part:

> By agreeing to make the required payments into the Funds, the Employer hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions.

18. Each of the Funds maintains collection policies, to which each of the Defendants is bound, as per the above quoted provisions from the Agreement. The policies mandate, in pertinent part:

> **[] Contributions.** Must be remitted electronically on or before the 20th calendar day of each month for payroll periods ending in the preceding month. **When a Contribution is "Received" by the Funds.** A contribution is received by the Funds only if the money is transmitted electronically on or before 7:00 p.m. on the specified date. If the specified date falls on a weekend or holiday, the contribution is received only if the money is transmitted electronically on or before 7:00 p.m. on the last business day before the specified date.

19. The collection policy further mandates a remedial scheme, requiring:

> **Consequences of delinquency. … A. Interest.**
> **1.** The interest rate is 9% per year, ...
> **2.** Interest will be calculated as follows: ….
> **b.** for all other contributions, beginning on the 21st day of the month for payroll periods ending in the preceding month.
> **3.** One month's interest will be charged for each month or part of a month that the delinquency continues, i.e., a full month's interest will be charged on the beginning date specified in **A.2 (**whichever is applicable) and an additional month's interest will be charged for each following month or part of a month thereafter on any part of the delinquency that remains outstanding. …
> **4.** Interest is calculated only on the principal amount due, and no interest shall accrue on interest. …

**B. Liquidated Damages.** The rate of liquidated damages is 20% of total principal due, unless the delinquency is resolved without the need for arbitration or litigation. …

**C. Other costs of collection.** As provided by the collective bargaining agreements, an employer that fails to pay required contributions on time or fails to make proper and timely remittance reports may be required to pay all of the Funds' expenses of collection or enforcement, including arbitration costs, court costs, and attorney's fees, in addition to the interest and liquidated damages provided in **A** and **B**.

20.   Accordingly, each of the Defendants individually and jointly as a single-employer is liable to the Funds for benefit contributions in the amounts due for the period set forth above, plus such other or further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by each of the Defendants, including contractual interest, liquidated damages, attorney's fees and costs of the litigation.

<u>**AS AND FOR A SECOND CLAIM FOR RELIEF**</u>

**(FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANTS)**

21.   The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

22.   Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

23.   Upon information and belief, at all times material hereto, each of the Defendants failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due, as described above in paragraphs 14 through 16.  Such failures to make payment or timely payment and/or submit reports constitute violations of Section 515 of ERISA (29 U.S.C. § 1145).

24.   Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the

plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

25.     Accordingly, each of the Defendants is liable, and all Defendants are jointly liable as a single-employer, to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and are liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR THE THIRD CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS)

26.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27.     Pursuant to the terms and conditions of the Agreement, each of the building owner Defendants is required to timely  pay and/ or submit benefit contributions and reports to the Funds, for so long as each of the building owner Defendants remains obligated to do so pursuant to the Agreement.

28.     Upon information and belief, each of the Defendants has failed to timely pay and/or submit benefit contributions to the Funds and each is currently in breach of its obligations under the Agreements. Each of the Defendants prior conduct demonstrates a significant likelihood that each will continue to breach the terms of the Agreements.

29.     The Funds have no adequate remedy at law to ensure that Defendants will adhere to the terms of the Agreements.

30.     As a result of each of the Defendants' omission and breaches of contact and violations of ERISA, the Funds may be required to (a) deny employee beneficiaries, for whom contributions have not been made, the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding each Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

31.     The Funds will suffer immediate and irreparable injury unless each of the Defendants, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds for so long as each of the Defendants remains obligated to do so pursuant to the Agreement.

32.     Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining each of the Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds for the term of the Agreement.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANTS)

33.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

34. Pursuant to the provisions of ERISA and the Agreement, each of the Defendants is required to timely pay and submit benefit contributions and/or reports to the Funds for so long as each of the Defendants remains obligated to do so pursuant to the Agreement.

35. Upon information and belief, each of the Defendants have failed to timely pay and/or submit benefit contributions to the Funds, and Defendants are currently in breach of their statutory obligations under ERISA. Each of the Defendants' prior conduct demonstrates a significant likelihood that each will continue to breach the aforementioned statutory provisions.

36. As a result of each of the Defendants' omissions and breaches of ERISA, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding each of the Defendants' failures to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

37. The Funds will suffer immediate and irreparable injury unless each of the Defendants, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as each of the Defendants remain obligated to do so pursuant to ERISA.

38. Accordingly, the Funds request this Court, pursuant to the authority established under ERISA (29 U.S.C. 1132(a)(11) and (g)(2)(E), issue an injunction, preliminarily and permanently, enjoining each of the Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or

submit the required contributions and/or reports to the Funds and requiring them to permit and

cooperate in the conduct of audits for the term of Agreement.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against each of the Defendants, jointly and severally, for payment of all past due contributions in the amounts set forth above for the period beginning May 2024 to date.

b. against each of the Defendants, jointly and severally, for payment of all contributions which become due during the pendency of this action;

c. against each of the Defendants, jointly and severally, for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2);

d. against each of the Defendants, jointly and severally, for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

e. for an Order preliminarily and permanently enjoining each of the Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, in accordance with the applicable Agreement;

f. or an Order preliminarily and permanently enjoining each of the Defendants their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, in accordance with ERISA and the applicable Agreement;

g. for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
            September 6, 2024

RAAB, STURM & GANCHROW, LLP

By:_____
            Ira A. Sturm (IS-2042)
            *Attorneys for Plaintiffs Funds*
            2125 Center Avenue, Suite 100

Fort Lee, New Jersey 07024
Tel:201-292-0150
isturm@rsgllp.com